IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ISAIS YBARRA, JR., PRO SE, § | | |
| also known as ISAIAS YBARRA, JR., § | | |
| TDCJ-CID No. 824392, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:11-CV-0171 | |
| § | | |
| DAVID RYAN BASSE, Doctor of Neal Unit; § | | |
| JOSEPHINE ABERNATHY, Director of § | | |
| Nurses of Neal Unit; NFN WELLS, Nurse; § | | |
| NFN RODRIGUEZ, Lt.; NFN FRANKLIN, § | | |
| Officer; NFN MYERS, Officer; and § | | |
| NFN WESTON, Senior Warden, § | | |
| § | | |
| Defendants. § | | |

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO DISMISS**

Before the Court for consideration is the August 21, 2013 Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by the defendants in the above-referenced and numbered cause. The time for response has expired. Plaintiff has failed to respond.

**CLAIMS AND REQUESTS FOR RELIEF**

Plaintiff claims the defendants have responded with deliberate indifference to his serious medical needs.

Plaintiff requests compensatory and punitive damages in unspecified amounts, as well as costs and attorneys fees.

**STANDARD OF REVIEW UNDER RULE 12(b)(6)**

Rule 12(b)(6) provides for dismissal of an action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. A statement of facts that merely creates a suspicion that the pleader might have a right of action is insufficient." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). If the complaint lacks a required element which is a prerequisite to obtaining relief, dismissal is proper. *Clark v. Amoco Prods. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). In reviewing a motion for 12(b)(6) dismissal, the court must consider all of plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan, Stanley, Dean, Witter, & Co.*, 313 F3d 305, 312 (5th Cir. 2002). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Southern Christian Leadership Conference v. Supreme Court of the State of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001)(quoting *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)).

All reasonable inferences must be drawn in favor of the non-movant's claims, *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997); and the *pro se* litigant's pleadings should be afforded a liberal construction, even if they are inartfully phrased. *See Erickson . Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 164 L.Ed.2d 1081 (2007).

Dismissal for failure to state a claim does not require a determination that, beyond a doubt, the plaintiff can prove no set of facts in support of his claim that would entitle him to

relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted).

Although a district court may not go outside the complaint, the Fifth Circuit has recognized one limited exception. *Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003). A district court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id*. (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## THE LAW AND ANALYSIS

Defendants argue plaintiff failed to exhaust administrative remedies and, therefore cannot state a claim. Defendants point out plaintiff's claim arises from an incident occurring in 2009 and plaintiff waited until June 19, 2011 to file a step-one grievance, which was rejected by prison officials as untimely.

Title 42, United States Code, 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995, provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002).

The PLRA exhaustion requirement requires proper exhaustion in compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81 (2006).

Although plaintiff did not respond to defendants' motion to dismiss, the Court has reviewed plaintiff's complaint and notes he stated as follows:

> Plaintiff sought to exhaust his administrative remedies as required by prison policy and multi-exhibits attached herein. In Jones v. Bock . . . the Supreme Court reversed the Sixth Circuit, which had upheld the reversal of plaintiff's complaint for failing to plead or demonstrate "total" administrative exhaustion.

In their Motion to Dismiss defendants reference Step 1 grievance No. 2011175506 as "(docket entry #2-1 at 14-15)", which plaintiff attached to his complaint, and note it shows plaintiff waited approximately two years after the incident before filing his step one grievance, in which he says, "I understand that my 15 day time limit is over . . . .[1]" Review of the Grievances plaintiff attached to his complaint, reveals this particular Step 1 No. 2011175506 was submitted June 13, 2011, complaining of a misdiagnosis and resultant delay in the receipt of proper treatment. Plaintiff requested to be seen by a "neuro-specialist" and a settlement of $250,000.00. The grievance was refused for processing as it did not comply with the procedural rules.

The Court has also reviewed the rest of the grievances plaintiff attached to his complaint. All of them were denied processing on the basis that the grievable time period of fifteen days had elapsed and all of them were step 1 grievances. There is no indication plaintiff ever submitted a step 2 grievance, or that it was done in accordance with TDCJ procedural rules governing grievances.

---

[1] The Texas Department of Criminal Justice procedural rules governing grievances requires that a step 1 grievance be submitted by the prisoner within 15 days of the incident date.

The Supreme Court recognized in *Jones* that failure to exhaust administrative remedies is a basis for dismissal for failure to state a claim when that affirmative defense has been asserted by defendants and is properly under court scrutiny. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) ("As noted, that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim. It is to say that there is no basis for concluding that Congress implicitly meant to transform exhaustion from an affirmative defendant to a pleading requirement . . . ." ).

Defendants have raised the affirmative defense of failure to exhaust administrative remedies and moved for dismissal on that basis, relying on plaintiff's attachments to his complaint to support their motion.

## CONCLUSION

Construing all of plaintiff's well-pleaded facts and documents submitted with his complaint to be true and viewing them in the light most favorable for plaintiff, the Magistrate Judge finds defendants' motion to dismiss has merit.

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that defendants' Motion to Dismiss should be GRANTED and this cause should be DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

      IT IS SO RECOMMENDED.

      ENTERED this 25th day of September, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

      Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

      Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).